CHARLOTTE BUILDING AND LOAN ASSOCIATION v. COMMISSIONERS OF MECKLENBURG COUNTY.

*Taxation—Stock of Building and Loan Association, How Taxable.*

1. The capital stock of a building and loan association, organized under chapter 7, Vol. 2 of *The Code*, is *property*, and hence is taxable according to the uniform *ad valorem* system established by the Constitution.

2. The General Assembly may require a corporation to pay a license tax for the privilege of carrying on its business, and forbid counties or other municipalities to exact any other *license* tax or fee.

3. Under chapter 294, Acts of 1893, imposing a license tax upon building and loan associations, and forbidding counties and other municipalities to impose any other license tax or fee, the capital stock of such associations is not exempt from State and county taxation *ad valorem*.

4. Under the provisions of section 14, chapter 296, Acts of 1893, it is the duty of the corporation, and not the individual stockholder, to list the stock for taxation and to pay the tax assessed thereon.

This action was begun in a Justice's Court, and on appeal by the plaintiff to the Superior Court it was there submitted on the following agreed facts:

"1. That the plaintiff, The Charlotte Building and Loan Association, of Charlotte, N. C., is a corporation created and organized under chapter 7, Vol. 2 of *The Code* of North Carolina, and has its residence or place of business in the city of Charlotte, county of Mecklenburg aforesaid, its articles of association having been obtained from the Clerk of the Superior Court of said county under and by virtue of the provisions of said chapter of *The Code*.

"2. That the capital stock of the said association was listed for taxation in Charlotte Township in said county, under protest, for the year 1893, on the __ day of ____ A. D., 1893, the commissioners of the said county claiming that

the said association was liable to taxation on said stock, and the plaintiff claiming that, under the law, and especially under section 30, chapter 294, of the Acts of 1893, the said association was not liable to taxation on the said stock.

" 3. That the said stock, with the valuation thereof, was duly entered on the tax list of said county as required by law, and the following tax, which was also entered on said books or list, was assessed upon the same: State tax for year 1893, $31.17; county tax for year 1893, $31.67; convict tax for year 1893, $13.57; road tax for year 1893, $5.28; that said tax list, duly certified by the Register of Deeds and *ex officio* Clerk of the said Board of Commissioners, was placed in the hands of R. A. Torrance, tax collector of said township, with an order endorsed thereon by the clerk of said board, commanding the said collector to collect the taxes therein mentioned, according to the provisions and requirements of the law.

" 4. That the said tax collector demanded payment of said tax from the plaintiff, and said plaintiff, by compulsion and under protest, paid said taxes to said collector on the 8th day of December, 1893, and that within thirty days thereafter the plaintiff duly demanded, in writing, from the Treasurer of the State and from the Treasurer of the said county of Mecklenburg, that the said tax be repaid and refunded to it; to which demand the said Treasurer of the State and the Treasurer of said county refused to comply, and that the said tax has not been refunded to this plaintiff, although more than ninety days have elapsed since the said demand was made, and also since the thirty days from the day of payment expired.

" 5. That the stock of the plaintiff association is owned in different amounts by diverse persons who are citizens and taxpayers of the said township, county and State.

" 6. That before this action was brought, the plaintiff duly demanded in writing of the defendant the repayment of the

said tax which has been paid by it to the tax collector, and with this demand the defendant refused to comply."

The questions submitted to the Court on this case agreed are as follows :

" 1. Is the capital stock of the plaintiff taxable, under the laws of this State, for State and county purposes, or for either?

" 2. Should the said stock have been listed for taxation by the said association, or by the individual stockholders ?

" 3. If the stock of said association is taxable under the laws of this State, who is liable for the tax thereof, the said association or its individual stockholders?

" If the Court shall be of opinion that the said stock is taxable, and that it is the duty of the said association to list and pay the tax on same, then judgment of nonsuit and judgment against the plaintiff for defendant's costs shall be entered ; but if the Court shall be of opinion that the said stock is not taxable under the laws of this State; or that, if taxable, the stock should be listed and the tax paid by the individual stockholders, then judgment shall be entered that plaintiff recover of the defendant the amount of said tax so paid by it, to-wit, the sum of eighty-one and $\frac{69}{100}$ dollars, ($81.69) with interest on the same from the date of the payment thereof, and the costs of this action.

" It is also agreed that if the Court should be of the opinion and shall determine that the said tax or any part thereof was levied or assessed illegally or without authority, or was for any reason invalid, judgment shall be rendered in favor of the plaintiff for the amount of said tax with interest and cost.

" It is further agreed that the Court may render judgment, and thereby grant any relief to the plaintiff that it may, under the law, be entitled to in the premises."

His Honor *Winston, J.,* rendered the following judgment: " In this case the Court is of the opinion that the capital

stock of the plaintiff association cannot be doubly taxed; that the plaintiff is the proper person to give in said stock for taxation, and that there is no error in the Justice's judgment. The plaintiff will take nothing by its writ, and the defendants go hence, etc., and recover costs." In deference to this ruling, the plaintiff submitted to a nonsuit and appealed.

*Messrs. Clarkson & Duls*, for plaintiff (appellant).
*Mr. E. T. Cansler*, for defendants.

BURWELL, J.: "1. Is the capital stock of the plaintiff corporation taxable, under the laws of this State, for State and county purposes, or for either?"

The capital stock of this corporation is property. The Constitution requires that *all* property shall be taxed uniformly for State purposes. Const., Art. V, sec. 3. "Taxes levied for county purposes shall be levied in like manner with the State taxes." Const., Art. V., sec. 6. And "all taxes levied by any county, city, town or township shall be uniform and *ad valorem* upon all property in the same." Art. 7, sec. 9. Only one class of property is exempted from taxation by the Constitution itself, to-wit, " property belonging to the State or to municipal corporations." The General Assembly may exempt cemeteries, and property held for educational, scientific, literary, charitable or religious purposes, and also the personal property of a taxpayer "to a value not exceeding three hundred dollars." Const. Art. V., sec. 5. It has no power to make any other exemptions. It is impliedly forbidden to do so. Hence if there is any statute which declares that this property—the capital stock of this corporation—shall be exempt from taxation according to the uniform *ad valorem* system established by the Constitution, or that attempts to make the burden of taxation it bears greater or less than that which is laid on other property of the same situs and value, such legislation is unconstitutional and void.

But the General Assembly may require the plaintiff corporation to pay a license tax for the privilege of carrying on its business. Const., Art. V., sec. 3. It has done this. Laws 1893, ch. 294, sec. 30. And it has forbidden counties or other municipal corporations to exact from it any other *license* tax or fee. It has not exempted the capital stock of this corporation from bearing its share of taxation, State and county.

"2. Should the said stock have been listed for taxation by said association, or by the individual stockholders?"

This association is a corporation and it is " taxable by law." Section 14 of ch. 296 of the Acts of 1893 enacts that " persons owning shares in incorporated companies taxable by law are not required to deliver to the list-takers a list thereof, but the president or other chief officer of such corporation shall deliver to the list-taker a list of all shares of stock held therein and the value thereof, except banks." It seems clear that the statute requires the listing of this capital stock, not by the individual stockholders but by the association, through its president or other chief officer.

3. " Who is liable for the tax thereof, the said association or its individual stockholders?"

The statute referred to declares that " the tax assessed on shares of stock embraced in said list shall be paid by the corporations respectively." The language is plain. The association is liable for the tax.

Inasmuch as our conclusion is that to which his Honor came, it is not material to inquire whether the plaintiff had a right to appeal from the judgment of nonsuit to which he chose to submit under the circumstances set out in the record.                                    No Error.